**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SI03, INC., | No. 10-35308 |
| Movant - Appellant, | D.C. No. 1:07-mc-06311-EJL-LMB |
| v. | |
| BODYBUILDING.COM, LLC, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted December 10, 2010
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.

SI03, Inc. appeals from the district court's order denying its motion to compel disclosure of identifying information for several individuals who posted allegedly defamatory messages about SI03 on an online message board. As the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

facts are known to the parties, we repeat them here only as necessary to explain our decision.

## I

The degree of scrutiny we give to impositions on speech "varies depending on the circumstances and type of speech at issue," and thus "the nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery disputes." *In re Anonymous Online Speakers*, No. 09-71625, — F.3d — , 2011 WL 61635, at *2, *6 (9th Cir. Jan. 7, 2011). Accordingly, in cases involving less-protected categories of speech, such as commercial speech, we apply a less-protective standard for disclosure than in cases involving core areas of free speech. *See id.*

## A

To characterize the speech at issue here, we must know the true identities of the speakers. If the pseudonymous speakers indeed work for SI03's competitors, there is good reason to suspect that their harsh criticisms were intended to promote other, competing products, many of which are discussed in the messages SI03 has identified. In that case, a less-protective disclosure standard for commercial speech may be appropriate. *See United States v. Schiff*, 379 F.3d 621, 626–29 (9th Cir. 2004) (holding that speech "acting as an advertisement for [the speaker's] . . .

2

products and services" constitutes commercial speech).  But if these speakers are *not* agents of SI03's competitors, then the substance of these comments alone do not suggest that the speech is "commercial" in nature.  It is not enough simply that the criticisms pertain to SI03's commercial practices.  *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 561–63 (1980).

Of course we cannot know whether the speakers are agents of SI03's competitors unless and until their true identities are revealed.

## B

Here, the district court never inquired into the identities of the speakers, but instead denied SI03's motion to compel after applying a two-part test derived from both *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), and *Dendrite International, Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001).  We have recently explained that the rigorous *Cahill* standard is "understandable" in a case "involv[ing] political speech." *Anonymous Online Speakers*, 2011 WL 61635, at *6.  But in the context of less-protected speech such as commercial speech, "*Cahill*'s bar extends too far." *Id.*  By the same token, the district court's even stricter two-part test is appropriate only, if ever, in a case concerning core areas of free speech.

## II

3

Because the district court assessed SI03's motion without knowledge of the speakers' identities, we have no clear indication that the speech in question is *not* commercial. In such a situation, the court should not have applied a standard even more rigorous than that outlined in *Cahill*. Rather, the district court should have determined the nature of the speech at issue before settling upon a standard for disclosure. Because the nature of the speech here rests upon whether the anonymous speakers were acting as agents of SI03's competitors, the court should take steps to ascertain that fact without disclosing the identities of the pseudonymous speakers to the public or to SI03.[1] Only after the court has determined the speakers' relationship to SI03—and correspondingly the nature of the speech in question—should it determine under what standard to consider the motion to compel.

---

[1] While the speakers' identifying information could be disclosed to the district court under seal for in camera review, we recognize that revelation of *who* these speakers are is only the first step in the process to revealing whether they *work for* SI03's competitors. During this process, the court may find it necessary to allow some disclosure to SI03, in order to resolve the underlying issue of the speakers' relationship to SI03 and the corresponding nature of their speech. But any disclosure to SI03 should be limited to "attorneys' eyes only," so that the court can adjudicate the remaining legal issues without revealing the speakers' identities to the plaintiffs before it is determined that such disclosure would be appropriate.

We leave to the district court the task of fashioning specific procedures appropriate to protect this disclosure process. *See Anonymous Online Speakers*, 2011 WL 61635 at *7 (discussing "the tools available to the district court to oversee discovery of sensitive matters that implicate First Amendment rights").

## III

The district court's order denying SI03's motion to compel information pertaining to the identities of the speakers "chimpilico," "cxm," "ElMariachi," and "INGENIUM" is

**VACATED and REMANDED.**